UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JEFFREY TERRY KEYS,<br><br>    Plaintiff,<br><br>    v.<br><br>PAT WILLIAMSON, DR. TCHATCHET,<br>and MISSY GEESA,<br><br>    Defendants. | CAUSE NO. 2:23-CV-393-PPS-JPK |

OPINION AND ORDER

Jeffrey Terry Keys, a prisoner without a lawyer, filed a complaint about the medical care he is receiving at the Jasper County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Keys alleges that he injured his shoulder on September 21, 2023, by falling off the top bunk, and he is not getting proper medical care for the injury. He explains that he was taking a nap on the top bunk just before lunch. When he was called for lunch, he tried to climb down, but his foot got caught on the bed below. He fell to the concrete floor and injured his shoulder. He alleges his shoulder and entire arm now goes numb

for no reason, he can't sleep on his right side, and he continues to have near constant pain in his right shoulder since this injury occurred nearly two months ago. Dr. Tchatchet and Missy Geesa have both examined him, and their only treatment has been nonnarcotic pain relievers, which have not been effective in managing his pain or in treating his symptoms.

Because Keys is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54. Keys has plausibly alleged that Dr. Tchatchet and Missy Geesa have both provided unreasonable medical care for

2

Keys' injured shoulder, and he may proceed against them on a Fourteenth Amendment claim.

Keys also names Sheriff Pat Williamson as a defendant, seeking to hold him responsible for the injury because the bunk beds do not have ladders or other railings to help the inmates climb up and down safely. To state a Fourteenth Amendment claim, Keys must plausibly allege that the Sheriff responded unreasonably to dangerous conditions. *See Hardeman v. Curran*, 933 F.3d 816, 822-23 (7th Cir. 2019); *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) ("A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" (citation omitted)). Keys does not allege facts that the Sheriff was aware that the bunk bed posed a particular risk to him. And the absence of ladders for bunk beds does not, on its own, present an unreasonably dangerous condition that violates the Fourteenth Amendment. *See Blue v. Baenen*, No. 13-CV-1439, 2016 WL 8711729, at *9 (E.D. Wisc. May 29, 2016) ("Courts have uniformly held that the lack of a ladder to reach an upper bunk does not pose a serious risk of harm.") (collecting cases), *aff'd, Blue v. Baenen*, 681 F. App'x 524 (7th Cir. 2017).

However, Keys does state a claim against Sheriff Williamson for injunctive relief to receive proper medical care for his shoulder injury. He plausibly alleges that he is currently not receiving proper medical care for a serious medical need, and the Sheriff has the responsibility to ensure inmates in his custody receive constitutionally adequate care for serious medical needs. *See Daniel v. Cook Cnty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Thus, he may proceed against

3

Sheriff Williamson to receive constitutionally adequate medical care as required by the Fourteenth Amendment.

Finally, Keys blames Dr. Tchatchet and Geesa for him falling in the first place. He alleges that one of them (he does not say which one) took him off the medication he needed to fall asleep because of his insomnia. He says that without that medication, he would go 48-72 hours at a time without sleeping, causing him to hallucinate and hear voices. He alleges he told Geesa that one time he almost rolled off the top bunk when he heard a voice telling him to roll over. He says they should not have allowed him to sleep on a top bunk, knowing how sleep deprived he was. Keys does not, however, allege that he asked for, but was denied, a bottom bunk pass. He does not otherwise connect these defendants to bed assignments, and without personal involvement in the decision about where he should sleep, neither can be held liable for the fall. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) ( holding a suit under 42 U.S.C. § 1983 requires "personal involvement in the alleged constitutional deprivation to support a viable claim.").

Keys is not proceeding in forma pauperis. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve the defendants with a copy of the complaint and this screening order as provided by Federal Rule of Civil Procedure 4.

For these reasons, the court:

(1) GRANTS Jeffrey Terry Keys leave to proceed against Dr. Tchatchet and Missy Geesa in their individual capacities for compensatory and punitive damages for

providing unreasonable pain management and medical care for the shoulder injury that occurred on September 21, 2023, in violation of the Fourteenth Amendment;

(2) GRANTS Jeffrey Terry Keys leave to proceed against Sheriff Pat Williamson in his official capacity for permanent injunctive relief to receive constitutionally adequate medical care for the shoulder injury that occurred on September 21, 2023, to the extent required by the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to sign and seal summons for Pat Williamson, Dr. Tchatchet, Missy Geesa and send them to Jeffrey Terry Keys; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Pat Williamson, Dr. Tchatchet, Missy Geesa to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: January 4, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT